# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHAROTTE DIVISION
## CIVIL ACTION NO. 3:16-CV-249-DCK

| | |
|---|---|
| CARLTON EUGENE FISHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Summary Judgment With Supporting Memorandum Of Law" (Document No. 27) and "Commissioner's Motion For Summary Judgment" (Document No. 28). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and these motions are now ripe for disposition. After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will direct that "Plaintiff's Motion For Summary Judgment With Supporting Memorandum Of Law" be <u>denied</u>; that "Commissioner's Motion For Summary Judgment" be <u>denied</u>; and that the Commissioner's decision be <u>vacated</u>.

## BACKGROUND

Plaintiff Carlton Eugene Fisher ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits. (Document No. 1). On or about June 28, 2012, Plaintiff filed an application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging an inability to work due to a disabling condition beginning April 12, 2007. (Transcript of the Record of Proceedings ("Tr.") 16, 174). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied

Plaintiff's application initially on or about August 29, 2012, and again after reconsideration on March 28, 2013. (Tr. 94, 103). In its "Notice of Disapproved Claim," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling.
> We do not have sufficient vocational information to determine whether you can perform any of your past relevant work. However, based on the evidence in file, we have determined that you can adjust to other work. It has been decided, therefore, that you are not disabled according to the Social Security Act. If the condition gets worse and precludes work, write, call or visit any Social Security office about filing another application.

(Tr. 94). In the "Notice of Reconsideration," the SSA stated:

> The medical evidence shows that your condition is not severe enough to be considered disabling.
> In order to evaluate the claim, specific medical evidence was needed. However, we were unable to obtain this evidence because the examination we scheduled was not completed.
> It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 103).

Plaintiff filed a timely written request for a hearing on April 25, 2013. (Tr. 108). On January 13, 2015, Plaintiff appeared and testified at a video hearing before Administrative Law Judge Christopher L. Dillon (the "ALJ"). (Tr. 16, 34-62). In addition, Warren D. Maxim, a vocational expert ("VE"), and Jennifer Ruiz, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on January 30, 2015, denying Plaintiff's claim. (Tr. 13-29). On February 16, 2015, Plaintiff filed a request for review of the ALJ's decision which was denied by the Appeals Council on March 15, 2016. (Tr. 1-11). The January 30, 2015 ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on May 18, 2016. (Document No. 1). On October 3, 2016, the parties filed a "Joint Stipulation Of Consent To Jurisdiction By US Magistrate Judge" (Document No. 13).

"Plaintiff's Motion For Summary Judgment With Supporting Memorandum Of Law" (Document No. 27) was filed February 10, 2017; and the "Commissioner's Motion For Summary Judgment" (Document No. 28) and "Memorandum Of Law In Support Of The Commissioner's Motion For Summary Judgment" (Document No. 29) were filed April 10, 2017. "Plaintiff's Reply Brief In Opposition To Defendant's Memorandum Of Law In Support Of The Commissioner's Motion For Summary Judgment" (Document No. 30) was filed April 24, 2017.

The pending motions are ripe for review and disposition.

## STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between June 28, 2012, and the date the application was filed.[1] (Tr. 16, 28-29). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

    (1)    whether claimant is engaged in substantial gainful activity -
           if yes, not disabled;

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

4

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 27-28).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since June 28, 2012, her alleged disability onset date. (Tr. 18). At the second step, the ALJ found that liver disorder, spine disorder, affective disorder, personality disorder, and substance use disorder, were severe impairments.[2] (Tr. 18). At the third step, the ALJ determined that Plaintiff

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 19).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform work, with the following limitations:

> lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds; pushing or pulling similar amounts; sitting, standing, and walking for 6 hours each; no more than frequent postural activity; no more than frequent overhead reaching; no more than occasionally interaction with supervisors, coworkers, and the public; and no more than simple, routine, repetitive tasks.

(Tr. 21). In making his finding, the ALJ stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." Id.

At the fourth step, the ALJ held that "the evidence related to any past relevant work is insufficient for me to make an appropriate and well-informed finding at step 4." (Tr. 27). As such, the ALJ determined that proceeding to step 5 was appropriate. Id. (citing 20 CFR 404.1520(h) and 416.920(h)).

At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 27-28). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included a vehicle cleaner, laborer (stores), and laborer (salvage). (Tr. 28). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the

6

Social Security Act, at any time between June 28, 2012, and the date the application was filed. (Tr. 28-29).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ failed to account for Plaintiff's moderate limitations in concentration, persistence and pace; (2) the ALJ failed to comply with the Social Security Rulings by ignoring opinion evidence of the Consultative Examining physician; (3) the ALJ failed to apply the Medical Vocational Guidelines as the VE indicated the Plaintiff would have not transferrable skills; (4) the ALJ failed to explain how Plaintiff can meet the four basic mental demands of Social Security Ruling 85-15 and 06-9p; and (5) the ALJ gave improper weight to the Consultative Examinations. (Document No. 27, pp.4-5). "Plaintiff's Reply Brief…" (Document No. 30) focuses entirely on Plaintiff's first alleged error – that the ALJ failed to account for, or explain why his moderate limitations in concentration, persistence, and pace does not translate into a limitation in his RFC.

The undersigned is persuaded that Plaintiff's first alleged error provides sufficient cause for remand.

**Applicability of Mascio v. Colvin**

In his first assignment of error, Plaintiff argues that the ALJ failed to properly include nonexertional limitations in the RFC based on Plaintiff's severe mental impairments of anxiety and major depressive order, even though the ALJ found Plaintiff had moderate limitations in concentration, persistence, and pace. (Document No. 27, p.5) (citing Tr. 20). Plaintiff argues that the limitation to "simple, repetitive, and routine tasks" is not sufficient to encompass the limitations identified by the ALJ. (Document No. 27, pp.5-7) (citing Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015) and Green v. Colvin, 1:14-CV-293-RJC-DSC, 2016 WL 830990 (W.D.N.C. March 3, 2016)).

Plaintiff requests "this Court to remand with instructions that the ALJ give an appropriate analysis and RFC (and pose a comprehensive hypothetical to a VE) based on Plaintiff's severe mental impairments and his resulting limitations with concentration, persistence, and pace…." (Document No. 27, p.7).

In response, Defendant asserts that Mascio does not require remand on the facts of this case. (Document No. 29, pp.6-9). Defendant notes that the Mascio decision found that "[p]erhaps the ALJ can explain why Mascio's moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in Mascio's residual functional capacity." (Document No. 29, p.6) (quoting Mascio, 780 F.3d at 638). Defendant argues that "the ALJ specifically considered, observed and explained why no further limitation was placed on Plaintiff's RFC as a result of his moderate difficulties in maintaining concentration, persistence or pace." Id. (citing Tr. 20, 23-24).

Defendant concludes that the ALJ here, has done "precisely" what the Mascio Court envisioned as far as explaining why Plaintiff's moderate limitations in concentration, persistence and pace do not affect Plaintiff's ability to work beyond the limitation described in the RFC. (Document No. 29, p.8).

"Plaintiff's Reply…" argues that Defendant misrepresents the facts of Mascio as applied to the facts of this case. (Document No. 30, p.2). Plaintiff contends that Defendant's argument points to vague statements in the ALJ decision to demonstrate that the ALJ "considered" and "explained" reasons for excluding limitations from the Plaintiff's RFC. Id.

By way of example, Plaintiff argues that the ALJ's observation that Plaintiff remained focused during the 45-minute hearing is hardly indicative of his ability to maintain concentration,

persistence, and pace during an 8-hour workday, and is not the kind of explanation envisioned by the holding in Mascio. (Document No. 30, p.3).

Defendant makes an interesting argument on this issue; however, the undersigned is inclined to agree with Plaintiff that the ALJ here has not explained his decision, which pre-dates Mascio by almost three (3) months, "precisely" as the Mascio Court envisioned. Instead, most of the discussion cited by Defendant appears to relate to why the ALJ determined Plaintiff has moderate (rather than marked) difficulties with concentration, persistence and pace – not why the ALJ did not include related limitations in the RFC. The undersigned is also reluctant to accept Defendant's argument for such an application of Mascio, where Defendant has declined to cite *any* case applying Mascio in such a way under similar circumstances or facts.

The undersigned is persuaded that the ALJ does not adequately account for Plaintiff's moderate limitations in concentration, persistence, and/or pace in his RFC finding. Pursuant to Mascio, the limitation to "no more than simple, routine, repetitive tasks," without more explanation, is not adequate. (Tr. 21). In Mascio, the Fourth Circuit opined that

> we agree with other circuits that an ALJ does not account "for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits). As Mascio points out, the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace.

Mascio, 780 F.3d at 638. Here, the ALJ's hypothetical to the VE specifically limited Plaintiff to "no more than simple, routine, repetitive tasks," without more explanation or discussion. (Tr. 57).

In short, the undersigned finds Plaintiff's position on this issue to be compelling. (Document Nos. 27 and 30). The ALJ's failure to adequately address Plaintiff's limitations as to concentration, persistence, and pace frustrates meaningful review.

While Defendant may ultimately be correct that Plaintiff can perform work in the national economy, the undersigned finds that the ALJ's opinion is deficient based on the Fourth Circuit's decision in Mascio v. Colvin. See Kidd v. Colvin, 1:15-CV-208-GCM-DCK, 2017 WL 443469 (W.D.N.C. Jan. 10, 2017) aff'd by 2017 WL 442898 (W.D.N.C. Feb. 1, 2017); Boyd v. Berryhill, 3:16-CV-069-GCM-DCK, 2017 WL 1080926 (W.D.N.C. Feb. 22, 2017) aff'd by 2017 WL 1086334 (W.D.N.C. March 21, 2017); Shook v. Berryhill, 1:16-CV-105-DCK, 2017 WL 833060 (W.D.N.C. March 2, 2017); Brooks v. Berryhill, 5:16-CV-086-RLV-DCK, (W.D.N.C. March 8, 2017); and Mills v. Berryhill, 3:16-CV-598-DCK, 2017 WL 1682548 (W.D.N.C. Apr. 28, 2017).

## CONCLUSION

Based on the foregoing, the undersigned is not persuaded that substantial evidence supports the Commissioner's decision and that the Commissioner applied the correct legal standards. As such, this matter will be remanded. On remand, an ALJ shall review each of Plaintiff's alleged errors and give proper attention to limitations in concentration, persistence and/or pace, in accordance with Mascio.

**IT IS, THEREFORE, ORDERED** that: "Plaintiff's Motion For Summary Judgment With Supporting Memorandum Of Law" (Document No. 27) is **DENIED**; "Commissioner's Motion For Summary Judgment" (Document No. 28) is **DENIED**; and the Commissioner's determination is **VACATED** and this matter is **REMANDED** for further consideration, as directed herein.

**SO ORDERED**.

Signed: June 5, 2017

David C. Keesler
United States Magistrate Judge